Filed 8/14/14  McIntyre v. BNC Mortgage CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| GAIL JOHNSON-MCINTYRE,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>BNC MORTGAGE, INC., et al.,<br><br>Defendants and Respondents. | B200061<br><br>(Los Angeles County<br>Super. Ct. No. YC050841<br>c/w YC054052) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Andrew Kaufman, Judge.  Stay lifted.  Appeal dismissed.

Law Offices of Tshombe Sampson and Tshombe Sampson for Plaintiff and Appellant.

Houser & Allison, Eric D. Houser and Jeffrey S. Allison for Defendants and Respondents.

———————————

INTRODUCTION

Gail Johnson-McIntyre (appellant) appealed from the judgment entered against her after the trial court sustained the demurrer of defendant BNC Mortgage, Inc. (BNC), among others, and denied her leave to amend. We reversed the judgment with respect to the cause of action alleged against BNC for cancellation of trust deed and other instruments secured by appellant's real property. However, BNC filed for bankruptcy court protection (*In re BNC Mortgage LLC* (case No. 09-10137-SCC) (BNC bankruptcy) and so we stayed our disposition as to appellant pending notification from the bankruptcy court. We have since received notification from BNC of a plan confirmation in the BNC bankruptcy precluding all claimants in that proceeding from pursuing any claim against BNC. Meanwhile, BNC obtained a separate judgment against appellant finally adjudicating BNC's rights in the trust deed secured by appellant's property. Therefore, the instant appeal is moot and so we lift the stay and dismiss the appeal.

FACTUAL AND PROCEDURAL BACKGROUND

1. *Appellant's lawsuit against BNC*

Appellant's complaint against BNC, among others, sought inter alia cancellation of a trust deed and other instruments secured by appellant's real property. On February 19, 2009, this court filed its opinion in this case reversing the order sustaining BNC's demurrer to that cause of action. We concluded, although appellant's cause of action for cancellation of instruments did not identify a defendant, and although the allegations about whether the trust deeds were cancelled were vague, that appellant could amend her complaint to state a cause of action against BNC for cancellation of the trust deed. Our opinion holds only that appellant should be allowed to amend her complaint to state a cause of action. We made no statement, and reached no conclusion, about whether appellant would eventually succeed on such a cause of action against BNC.

2

2. *BNC's bankruptcy*

Just over a month before we filed our opinion, on January 9, 2009, the BNC bankruptcy was commenced triggering an automatic stay. Consequently, we stayed that portion of our disposition pertaining to BNC.

The BNC bankruptcy was consolidated with *In re Lehman Brothers Holdings Inc., et al*., case No. 08-13555-jmp. A Bar Date Order in that case filed on July 2, 2009 established a deadline of September 22, 2009 for filing proofs of claims against the Chapter 11 debtors, including BNC. That Bar Date Order further provided that " 'any holder of a claim against the Debtors who is required, but fails to file a proof of such claim in accordance with the Bar Date Order . . . *shall forever be barred, estopped, and enjoined from asserting such claim against the Debtors* (or filing a Proof of Claim with respect thereto).' " (Italics added, (the Bar Date Order).) The claims register maintained by the bankruptcy court does not reflect a proof of claim submitted by appellant against BNC.

On December 6, 2011 the bankruptcy court entered its Order Confirming Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors in *In re Lehman Brothers Holdings Inc., et al.* (case No. 08-13555-JMP) (the Confirmation Plan), which maintained the automatic stay. Paragraph 55 of the Confirmation Plan includes the order, subject to the automatic stay or discharge, that "all entities who have held, hold or may hold Claims against or Equity Interests in any or all of the Debtors [including BNC] (*whether proof of such Claims* or Equity Interests *has been filed or not*) and other parties in interest . . . *are permanently enjoined*, on and after the Effective Date," from, among other things, "commencing, conducting, *or continuing in any manner . . . any suit, action, or other proceeding of any kind*" or "enforcing, levying, attaching" any "judgment, award, decree, or order" against BNC. (Italics added.)

3

3. *BNC's action against appellant in appellant's bankruptcy*

Meanwhile, on May 20, 2008, BNC, as predecessor in interest to American Home Mortgage Servicing, Inc., brought an adversary proceeding against appellant and others in the United States Bankruptcy Court, Central District of California (*In re William A. McIntyre, et al.*, case No. 08-01483) (hereinafter, the McIntyre bankruptcy). In that action, the court entered judgment granting an equitable lien in favor of BNC against the real property that is the subject of this appeal, and ordered that the lien be recorded and given priority over appellant's attorney's unrecorded lien for fees. The bankruptcy court's opinion was affirmed by the United States District Court for the Central District of California (case No. 2:09-cv-02327-ABC) who explained that BNC "had erroneously, but in good faith, repaid the note secured by deed of trust on [appellant's] real property." The court noted that "BNC benefitted [appellant's] land by paying off the previous note secured by deed of trust as part of an unconsummated sale transaction . . . . As [appellant] received a windfall when [her] note secured by deed of trust was paid off and BNC took nothing, an equitable lien for BNC's successor-in-interest is appropriate under California law." This ruling was affirmed by the Ninth Circuit Court of Appeal.

4

4.  *Proceedings in this court*

We ordered the parties to submit letter briefs explaining what effect the Confirmation Plan and other events herein described had on the instant appeal. After reviewing the letter briefs from Houser & Allison, P.C. on behalf of BNC, and from the Law Offices of Tshombe Sampson on behalf of appellant, we issued an order to show cause why we should not dismiss the appeal as moot.[1]

DISCUSSION

Our order to show cause notified the parties of three independent bases for dismissing this appeal.  First, the issues herein have been adjudicated to a final judgment in the McIntyre bankruptcy.  Second, paragraph 55 of the Confirmation Plan permanently enjoins appellant from continuing the instant action against BNC.  Third, it appears that BNC long ago assigned its interest in the trust deed secured by the real property at issue in this appeal to American Home Mortgage Servicing, Inc.

In response to the order to show cause appellant addresses only one of the three independent bases for dismissal.  Appellant argues the judgment in the McIntyre bankruptcy granting BNC an equitable lien on appellant's property is "incorrect and violated appellant's constitutional right to equal protection of the law and to due process of [the] law."  She contends that our decision is not moot but instead "represents a basis for appellant to try to overturn the 9th Circuit's decision."

However, the instant action is barred by the doctrine of res judicata. "Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."  (*Allen v. McCurry* (1980) 449 U.S. 90, 94.)  "Three

---

[1]     We have received and reviewed the letter briefs filed by appellant's attorney on May 14, 2014 and by counsel for BNC on June 3, 2014 in response to the order to show cause.  We take judicial notice of the documents attached to appellant's letter brief as exhibits 3 and 4.

5

elements must be met for res judicata to adhere: '(1) Was the issue decided in the prior adjudication identical with the one presented in the action in question? (2) Was there a final judgment on the merits? (3) Was the party against whom the plea is asserted a party to or in privity with a party to the prior adjudication? [Citations.]' [Citation.]" (*Nathanson v. Hecker* (2002) 99 Cal.App.4th 1158, 1162.)

The three elements have been met here. First, as appellant acknowledges, "[t]he facts and issues in that [the McIntyre bankruptcy] are directly relevant to the facts and issues here . . . ." At issue in both this action and the McIntyre bankruptcy with respect to BNC, is whether BNC, or its successor-in-interest, is entitled to a lien on appellant's real property to secure the loan issued by BNC. Second, the McIntyre bankruptcy resulted in a final judgment on the merits. "California gives full faith and credit to a final order or judgment of a federal court" and " 'a judgment or order [entered in a bankruptcy proceeding] once rendered, is final for purposes of res judicata until reversed on appeal or modified or set aside in the court of rendition. [Citations.]' [Citation.]" (*Nathanson v. Hecker*, *supra*, 99 Cal.App.4th at p. 1163, fn. omitted.) The judgment in the McIntyre bankruptcy was affirmed and so it is final and unassailable. Lastly, both appellant and BNC were the parties in the McIntyre bankruptcy and here. Were we to reinstate appellant's action here, she would not be able to state a cause of action because the issue she seeks to pursue in this lawsuit has already been litigated to a final determination in the McIntyre bankruptcy. Therefore, res judicata bars appellant's action here seeking cancellation of the trust deed.

Furthermore, appellant is otherwise precluded by the proceedings in the BNC bankruptcy from proceeding against BNC. Appellant never filed proof of a claim in the BNC bankruptcy and so, the Bar Date Order "forever" enjoins her from asserting or advancing any claim against BNC. Moreover, subject to the automatic stay being lifted or discharge from bankruptcy, paragraph 55 of the Confirmation Plan permanently enjoins appellant from "commencing,

6

conducting, *or continuing in any manner . . . any suit, action, or other proceeding of any kind*" or "enforcing, levying, attaching" any "judgment, award, decree, or order" against BNC, irrespective of whether she ever filed a proof of claim.  (Italics added.)

For the foregoing reasons, the appeal is moot.  (*Guardianship of Melissa W.* (2002) 96 Cal.App.4th 1293, 1300.)  Given the instant lawsuit is barred by the doctrine of res judicata, and in view of the BNC bankruptcy court's orders precluding appellant from pursuing a claim against BNC, reinstating the instant lawsuit and reversing the order sustaining the demurrer to allow appellant to amend her complaint to state a cause of action against BNC would be an idle act because we cannot afford appellant any effective relief.  Therefore, the appeal is dismissed on the ground of mootness.

DISPOSITION

The stay is lifted.  The appeal as to BNC is dismissed as moot.  BNC to recover costs.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

ALDRICH, J.

We concur:

CROSKEY, Acting P. J.

KITCHING, J.

8